FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 22 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00334-BNB

OSIEL RODRIGUEZ,

    Plaintiff,

v.

C. DANIELS. Warden, USP Florence,
JOHN DOE # 1. Special Investigations Agent, USP Florence,
JOHN DOE # 2. Special Investigations Specialist, USP Florence,
L. J. MILUSNIC, Assistant Warden, ADX Florence, and
D. SPROUL, Step-Down Program Unit Manager, ADX Florence,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Osiel Rodriguez, a *pro se* prisoner litigant, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at ADX Florence. On February 8, 2011, Mr. Rodriguez filed a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Rodriguez requested leave to proceed pursuant to 28 U.S.C. § 1915. He is subject to § 1915(g) filing restrictions, however, and was directed by Magistrate Judge Boyd N. Boland either to pay the filing fee in full or to show cause why he should not be denied leave to proceed pursuant to § 1915. On March 10, 2011, Mr. Rodriguez paid the $350.00 filing fee.

Mr. Rodriguez asserts that Defendants violated his Fifth and Fourteenth Amendment rights when they (1) withheld an incoming publication he had ordered; (2) failed to follow the BOP regulations in rejecting the publication; and (3) removed him from the step-down program without allowing him to contest the rejection or the removal. Although Mr. Rodriguez relies on both the Fifth and Fourteenth Amendments as the basis for his due process claim, the Court notes the Fourteenth Amendment normally is applicable only to actions by state and local entities. See Const. amend. XIV. Mr. Rodriguez seeks injunctive and declaratory relief and money damages.

Mr. Rodriguez asserts that from March 2007 through February 1, 2010, he progressed through the step-down program to the final pre-transfer phase. He claims that on August 4, 2010, he was removed from the program, placed in the Special Housing Unit pending an investigation by the Special Investigative Services, and without explanation, on October 13, 2010, designated to the ADX general population unit. Mr. Rodriguez further contends that Defendants failed to follow the due process protection steps under Florence-Max Institution Supplement 5321.06I(1), General Population and Step-Down Unit Operations in removing him from the step-down program. He also asserts that he was treated "atypically" from any other inmate removed from the program, and his due process rights were violated when Defendants failed to comply with the BOP Program Statement 5266.10, Incoming Publications, in rejecting the incoming publication. Compl. at 11.

The Court must construe the Complaint liberally because Mr. Rodriguez is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid

2

claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property. *Meachum v. Fano,* 427 U.S. 215, 223 (1976). Transferring a prison inmate to a more restrictive prison environment ordinarily does not deprive the inmate of a liberty interest. *Id.* at 225. An inmate may be deprived of a liberty interest if he is subjected to a restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995). In *Sandin v. Conner,* the Supreme Court held that a prisoner who was sentenced to 30 days in disciplinary segregation had not demonstrated a liberty interest protected by the Due Process Clause. *Id.* at 475-76, 486. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485.

A due process liberty interest, however, is at stake when a prisoner's reclassification conditions are extreme and include indefinite solitary confinement that renders the prisoner ineligible for parole. *See Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005). In this case, Mr. Rodriguez has not demonstrated that his move from a less restrictive to a more restrictive unit was an "atypical and significant hardship." The extreme conditions found in *Wilkinson* are not present here. Mr. Rodriguez was placed in general population at ADX, after the investigation was concluded and he was

3

removed from the step-down program. In addition, he was instructed by the associate warden that he may be reconsidered for the step-down program after a year, *see* Compl. Ex C. Mr. Rodriguez also does not assert ineligibility for parole as a result of the reclassification.

Furthermore, the Court finds no due process violation in Defendants' alleged failure to follow Program Statement 5266.10 in rejecting Mr. Rodriguez's incoming publication. A "failure to adhere to administrative regulations does not equate to a constitutional violation." *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984). Accordingly, Mr. Rodriguez fails to demonstrate he has a liberty interest protected by the Due Process Clause in the removal from the step-down program or the rejection of his incoming publications.

To the extent Mr. Rodriguez is asserting an equal protection claim, he does not have a right to receive the same sanctions as other prisoners disciplined or reclassified for the same offenses. *See Williams v. Illinois*, 399 U.S. 235, 243 (1970). A prison disciplinary sanction involves factors other than the offense, including past conduct. *See Sweatt v. McBride*, 24 Fed. App'x 572, 575 (7th Cir. Nov. 21, 2001) (unpublished). Mr. Rodriguez was disciplined previously, while he was housed at USP Atwater, for typing a letter to the Tampa Tribune detailing his dire legal situation and an escape he was considering. *See Rodriguez v. Karge, et al.*, No. 08-cv-00332-GSA-PC at ECF 14 (E.D. Cal. Feb. 24, 2009) (unpublished). Prison staff members found the letter in Mr. Rodriguez's legal papers while conducting a search, and as a result he was found guilty of attempted escape and was transferred to USP/ADX Florence where he currently is incarcerated. *See id.* Mr. Rodriguez concedes in the Complaint that his removal from

4

the step-down program was because he had ordered newspaper articles depicting prison escapes, which prison staff members confiscated from the incoming mail.

Nothing Mr. Rodriguez asserts demonstrates that the rejection of his newspaper articles and his reclassification were actions by prison staff that were "invidiously dissimilar from that accorded other inmates." *Herndon v. Youngman*, 34 F.3d 1070 *2 (8th Cir. Sept. 8, 1994) (unpublished) (citing *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987) (per curiam). Mr. Rodriguez's equal protection claim, therefore, lacks merit.

Finally, Mr. Rodriguez's brief referral to the First Amendment and a violation of his right to appeal or seek redress in this case, Compl. at 5, lacks merit. "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Walters v. Corrections Corp. of America*, 119 Fed. App'x 190, 191 (10th Cir. 2004) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)) (internal quotation marks omitted), *cert. denied*, 546 U.S. 865 (2005); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.) ("There is no legitimate claim of entitlement to a grievance procedure."), *cert. denied*, 488 U.S. 898 (1988). Mr. Rodriguez's right to be heard is that of access to the courts when he asserts a violation of his constitution rights. His right of access was not impeded because he allegedly was denied the ability to appeal his classification. Mr. Rodriguez, therefore, fails to assert a violation of his First Amendment rights.

Based on the above findings, Mr. Rodriguez fails to set forth nonfrivolous claims. Pursuant to § 1915(e)(2), notwithstanding any filing fee that has been paid the Court shall dismiss the case at any time if the action is legally frivolous. Therefore, the action

will be dismissed under § 1915(e)(2)(B)(i). Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 21st day of March, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00334-BNB

Osiel Rodriguez
Reg No. 21136-018
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 22, 2011.

                                  GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk