IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 12 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00334-LTB

OSIEL RODRIGUEZ,

    Plaintiff,

v.

C. DANIELS, Warden, USP Florence,
JOHN DOE # 1. Special Investigations Agent, USP Florence,
JOHN DOE # 2. Special Investigations Specialist, USP Florence,
L. J. MILUSNIC, Assistant Warden, ADX Florence, and
D. SPROUL, Step-Down Program Unit Manager, ADX Florence,

    Defendants.

---

## ORDER DENYING MOTIONS FOR RELIEF

---

This matter before the Court is the "Motion for Relief From a Judgment or Order Pursuant to Red. R. of Civ. P. Rule 60(b)" that Plaintiff Osiel Rodriguez, a *pro se* prisoner litigant, filed on March 30, 2011, and the "Motion to Supplement Plaintiff's Motion for Relief From a Judgment or Order Pursuant to Fed. R. Civ. P. Rule 60(b) . . ." that he filed on April 4, 2011. Mr. Rodriguez is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Rodriguez seeks reconsideration of the Order of Dismissal and the Judgment entered on March 22, 2011, dismissing the instant action. The Court must construe the Motions liberally because Mr. Rodriguez is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). For the reasons stated below, the Court will construe the Motions as filed pursuant to Fed. R. Civ. P. 59(e) and deny the Motions.

The Court dismissed the Complaint and action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The instant Motions were filed on March 30 and April 4, 2011. The Court will consider Mr. Rodriguez's Motions pursuant to Rule 59(e) because they were filed within twenty-eight days after the Judgment was entered in this action on March 22, 2011. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)). The Motions, therefore, are properly filed as a motion to alter or amend the judgment pursuant to Rule 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*,

2

204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Upon consideration of the Motions and the entire file, the Court concludes that Mr. Rodriguez fails to demonstrate some reason why the Court should alter or amend the March 22 Order of Dismissal and Judgment in this action.

Mr. Rodriguez argues that the Court misconstrued his claims. First, he claims that his due process claim was not based on prison staff's failure to follow Program Statement 5266.10 in rejecting his incoming mail, but was based on an unauthorized destruction of his property. Mr. Rodriguez also relies on *Urbaniak v. Stanley*, No. 06-ct-03135-FL (D. N.C. Aug. 27, 2010) (First Amendment and due process issues raised resulting in consent decree establishing BOP procedures to follow when withholding publications), for his argument that the Court should require the BOP to follow its polices and procedures. Second, Mr. Rodriguez claims that his removal from the step-down program and placement in the ADX general population was an atypical and significant hardship in relation to the ordinary incidents of prison life requiring a due process placement hearing.

Mr. Rodriguez did not raise a property claim or a claim under *Sandin v. Conner*, 515 U.S. 472 (1995), in his Complaint. A motion to reconsider is not a new opportunity to advance arguments that could have been raised previously. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Nonetheless, even if he were to raise a property claim regarding the intentional deprivation and alleged destruction of the newspaper publications he ordered, he does not assert that a meaningful postdeprivation remedy for the loss of the publications was not available. Without such

a claim he is not able to prevail on a due process claim. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Furthermore, the court's decision in Urbaniak is not binding on this Court, and different issues were raised in Urbaniak than are raised in Mr. Rodriguez's Complaint.

With respect to Mr. Rodriguez's attempt to seek reconsideration based on Sandin, the Court thoroughly reviewed the Complaint in keeping with Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005). The extreme conditions found in Wilkinson are not present here. Mr. Rodriguez has not demonstrated that his move from a less restrictive to a more restrictive unit was an "atypical and significant hardship." Sandin, 515 U.S. at 483-84.

In Wilkinson, an inmate placed in the Ohio State Penitentiary (a Supermax facility) had (1) almost no human contact, even to the point that no conversation is permitted from cell to cell; (2) cell lights illuminated for twenty-four hours; (3) only one hour of exercise per day in a small indoor room; and (4) disqualification of parole consideration even though otherwise parole eligible. Wilkinson, 545 U.S. at 223-24. Here, Mr. Rodriguez concedes he has control over the lights in his cell and he is not otherwise parole eligible. The length of Mr. Rodriguez's sentence therefore is not affected by his placement in ADX general population. Also, Mr. Rodriguez's solitary confinement claim is without basis. Being housed in a single-cell does not equate to solitary confinement and does not state an atypical and significant hardship claim. Furthermore, only now, after the Court has entered a decision and discussed Wilkinson, does Mr. Rodriguez suggest that the conditions of his confinement are atypical and a

significant hardship. Based on these findings, the Court does not find justification for reinstating the action. Therefore, the Motions will be denied. Accordingly, it is

ORDERED that Mr. Rodriguez's Motion for Relief, Doc. No. 10, filed on March 30, 2011, and his Motion to Supplement Motion for Relief, Doc. No. 11, filed on April 4, 2011, are construed as filed pursuant to Fed. R. Civ. P. 59(e) and are denied.

DATED at Denver, Colorado, this __12th__ day of ___April___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00334-BNB

Osiel Rodriguez
Reg No. 21136-018
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on April 12, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk